## NATIONAL CASH REGISTER CO. v KERN

Ohio Appeals, 9th Dist, Lorain Co.

Nos. 901 & 902.  Decided Nov. 25, 1938.

John K. Nece, Elyria, for appellant.
Lawrence H. Job, Lorain, for appellees.

## OPINION

By WASHBURN, J.

These actions are before the court on appeal on questions of law.  In the trial court a jury was waived, and the cases were tried together and they are so presented here.

The actions were brought to recover the price of two second hand cash registers, sold and delivered to the appellees by an agent of the appellant. All of the transactions involved were by the appellees and a single agent of the appellant.  The determinative question is as to whether the trial court was in error in determining upon the evidence that said transactions were within the apparent authority or the agent so as to bind the principal, the appellant.

The appellant is a manufacturer of cash registers, and it sells the same through its agents at retail.  It also sells through the same agents second hand cash registers.

In this case, the agent was entrusted with the possession of the cash registers.  He negotiated the sale, fixed the price and the terms, and received the down payment on one of the cash registers and delivered the same.

Later, to accomplish the sale of a second cash register, he made concessions as to the sale price of the first cash register, accepted an old cash register as part payment, modified the terms of payment, collected a substantial payment, delivered the second cash register, and gave to appellees a writing stating the balance due for both machines and stipulating for a monthly payment of said balance; and later he discounted the balance due upon payment in cash, and gave to appellees a receipt showing payment in full; and later he apparently absconded, having paid to his principal only a part of the money received from appellees.

While such agent was entrusted with the possession of the machines and had authority to sell, fix the price and terms, and at least collect the down payment, he had no express authority to do the other things which he did in said transactions; and the question is whether, so far as the appellees are concerned, who acted in good faith, he had apparent authority to do the things he did do in behalf of the appellant.

Where a principal by his voluntary act has entrusted an agent with the possession of a cash register for sale, and the situation and circumstances are such that a person of ordinary prudence, with whom the agent negotiates a sale of said article, is justified in assuming that such agent is authorized to perform on behalf of his principal that which he does do in making such sale, and the trial court finds that such acts of the agent are within the apparent authority of the agent, and such finding is not against the weight of the evidence, a reviewing court should not reverse, but on the contrary, should affirm the judgment of the trial court; and that we do in this case.

Judgment in each case affirmed.

STEVENS, PJ. and DOYLE, J., concur.